## 11500

### STATE v. ORR.

#### (122 S. E., 771)

1. CRIMINAL LAW—REFUSAL OF CONTINUANCE DISCRETIONARY.—Refusal of continuance is within trial Judge's discretion, and his ruling will not be disturbed in absence of abuse.

2. CRIMINAL LAW—CHARGE THAT DEFENDANT ADMITTED KILLING DECEDENT HELD ON FACTS.—A charge that defendant admitted that he slew deceased with a deadly weapon, but said he did it in self-defense, when what defendant admitted was that, even if he killed decedent, it was in self-defense, *held* a charge on the facts requiring a reversal.

3. CRIMINAL LAW—RULE OF COURT MUST GIVE WAY TO CONSTITUTIONAL PROHIBITION AS TO CHARGE ON FACTS.—The rule of Court that if Judge misstates the issue accused must call his attention to it, must give way to Constitutional prohibition as to charging on facts.

Before HENRY, J., Charleston, January, 1924. Reversed and remanded.

*Messrs. W. E. Ackerman* and *A. L. Hamer,* for appellant, cite: *Defendant entitled to continuance:* Rule 27, Circuit Court; 78 S. C., 264. *Illustration irrelevant to any testimony in the case:* 72 S. C., 194; 61 S. C., 556. *Charge upon the facts:* 68 S. C., 276. *"Manslaughter":* 79 S. C., 223. *Judge's words prejudicial to defendant:* 72 S. C., 194; 15 S. C., 156; 6 S. C., 185.

*Mr. James Allan, Solicitor,* for the State.

May 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was charged with murder. When the case was called for trial the appellant moved for a continuance on the ground of the absence of two material witnesses. The trial Judge refused the motion, but allowed the appellant to file an affidavit as to what he expected to prove by the absent witnesses. The defendant was convicted and appealed.

I. The refusal of the motion for a continuance is the first ground of appeal. This ground of appeal cannot be sustained, as the matter was within the discretion of the trial Judge, and no abuse of discretion has been shown.

II. The second assignment of error to be considered is that the trial Judge charged on the facts.

His Honor charged the jury:

"In this case, you are relieved of the necessity of determining whether or not there has been a homicide, and you are likewise relieved of the necessity of determining who committed it. The defendant admits that he slew the deceased with a deadly weapon.. But he says, 'While I did that, I did it in self-defense.' "

The defendant did not admit the killing but said, "Even if I did, it was in self-defense."

The defendant was forced to trial under the State's admission that if his two absent witnesses had been present they would have testified that the defendant did not kill the deceased. It is said, however, that, if his Honor misstated the issues, it was the duty of the defendant to call the attention of the Court to it, and, not having done so, he cannot now complain. That is a rule of Court and must give way to the constitutional prohibition as to a charge on the facts. This assignment of error must be sustained.

The other assignments of error were not prejudicial and mere incidents of that trial, and do not require special consideration.

The judgment is reversed, and a new trial is ordered.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.